# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

---

## Case No. 22-5915

---

**FEMHEALTH USA, INC., d/b/a CARAFEM,**

*Plaintiff-Appellee,*

v.

**RICKEY NELSON WILLIAMS, JR., *et al.*,**

*Defendants,*

**and**

**OPERATION SAVE AMERICA, JASON STORMS, MATTHEW BROCK, COLEMAN BOYD, FRANK LINAM, and BRENT BUCKLEY**

*Defendants-Appellants.*

---

**Appeal from the United States District Court
for the Middle District of Tennessee
Case No. 3:22-cv-00565
*The Honorable William L. Campbell, U.S. District Judge***

---

## PLAINTIFF-APPELLEE'S RESPONSE TO DEFENDANTS-APPELLANTS' MOTION AND REQUEST FOR ALTERNATIVE RELIEF

Sarah B. Miller
Angela L. Bergman
Allison Wiseman Acker
Briana T. Sprick Schuster
**BASS, BERRY & SIMS PLC**
150 Third Avenue South, Suite 2800
Nashville, TN 37201
(615) 742-6200
*Attorneys for Plaintiff-Appellee*

The Motion for Judicial Notice (Dkt. No. 39, "Motion") filed by Defendants-Appellants Operation Save America ("OSA"), Jason Storms, Matthew Brock, Coleman Boyd, Frank Linam, and Brent Buckley (collectively, "OSA Appellants")[1] is improper and meritless. For the reasons set forth below, Plaintiff-Appellee FemHealth USA, Inc. ("carafem") respectfully requests that this Court DENY the Motion and the relief requested therein and instead GRANT the alternative relief of a stay of this appeal until the district court rules on the pending motion to modify the preliminary injunction.[2]

## BACKGROUND

This litigation centers around carafem's allegations that OSA Appellants and other defendants violated the Freedom of Access to Clinic Entrances Act of 1994 (the "FACE Act") when they and other anti-abortion protesters gathered at carafem's Mt. Juliet facility from July 26 to 28, 2022, and blocked the entrance of the building

---

[1] OSA Appellants style themselves simply "OSA," but that designation excludes defendants Chet Gallagher and A.J. Hurley, who are members and/or affiliates of OSA but not party to this appeal, along with Defendants Bevelyn and Rickey Williams and Edmee Chavannes, who have publicly supported OSA at multiple events, including during the events at issue in this case. For the sake of clarity, this brief will refer to the OSA Appellants as such and will use the term "OSA" to refer to the organization and/or its members and affiliates, including Mr. Gallagher and Mr. Hurley.

[2] Prior to filing this response and request for alternative relief, counsel for carafem conferred with counsel for OSA Appellants, who indicated that OSA Appellants do not consent to carafem's request for a stay of this appeal.

and attempted to enter the clinic to obstruct patient visits. After granting—and twice extending—a temporary restraining order, the district court issued a preliminary injunction order (the "Preliminary Injunction") enjoining Defendants from (a) "physically obstructing, intentionally intimidating, or intentionally inter[fe]ring with (or attempting to do the same) any person because that person is or has been obtaining or providing reproductive health services from Plaintiff's facility" and from (b) "entering on the property of Providence Pavilion at 5002 Crossings Circle, Mt. Juliet, TN 37122, the parking lot to that facility, and the entire area outlined in red in Exhibit A hereto during the hours of 6:00 a.m. to 7:00 p.m. Monday through Friday and 6:00 a.m. to 3:00 p.m. Saturday."

OSA Appellants appealed the Preliminary Injunction to this Court. On June 1, 2023, months after the parties completed appellate briefing, carafem paused in-person services at its Mt. Juliet location. Carafem continues to provide online medical care to its Tennessee-based patients. On June 13, 2023, counsel for OSA Appellants emailed carafem's counsel to confirm that carafem was no longer providing in-person services, stating that they believed that "the injunction should be vacated" and "this entire lawsuit"—which alleges violations of the FACE Act as well as common law claims for nuisance and trespass—"may be moot." (Dkt. 39-5 at 3.) Counsel for carafem responded that the preliminary injunction was not moot but may need modification. (*Id.*) In an email on June 19, 2023, and on a call on

June 20, 2023, counsel for carafem repeatedly told OSA Appellants' counsel that seeking modification of the Preliminary Injunction was the appropriate course of action and that carafem would be moving for such modification. (*Id.* at 1–2.)

Rather than join carafem's motion for modification of the preliminary injunction in the district court, OSA Appellants instead improperly moved this Court to take judicial notice that carafem is no longer providing in-person services in Tennessee. (*See* Dkt. 39-1.) In connection with this judicial notice, OSA Appellants ask this Court to dissolve the Preliminary Injunction in its entirety and award costs and fees. (*Id.*) On June 27, 2023, carafem filed a motion in the district court seeking modification of the Preliminary Injunction to preserve the status quo between the parties in light of carafem's pause of in-person services. That motion is attached hereto as **Exhibit A.**

## ARGUMENT

### I. OSA Appellants' Motion Should be Denied.

#### A. *OSA Appellants' Motion is Improper.*

When circumstances have changed such that a preliminary injunction requires modification, the proper procedure is to seek modification in the district court that entered the preliminary injunction. Under Rule 8 of the Federal Rules of Appellate Procedure, "[a] party must ordinarily move first in the district court" for an order modifying an injunction while an appeal is pending. Fed. R. App. P. 8(a)(1)(C); *see*

3

16A Charles Alan Wright *et al.*, Federal Practice & Procedure § 3954 (5th ed. 2023) ("The cardinal principle with respect to stay applications under Rule 8 is that the relief ordinarily must first be sought in the lower court."). "The defendant's failure to seek such relief below does not preclude the defendant from making such a motion before this court, but Rule 8 requires that in such a case, '[t]he motion must: (i) show that moving first in the district court would be impracticable; or (ii) state that, a motion having been made, the district court denied the motion or failed to afford the relief requested.'" *Baker v. Adams Cnty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 930–31 (6th Cir. 2002) (alteration in original) (quoting Fed. R. App. P. 8(a)(2)(A)). It is proper to deny a motion in this Court when the movant fails to move first in the district court or make the showings required by Rule 8(a)(2)(A). *See, e.g.*, *Agudath Israel of Am. v. Cuomo*, 979 F.3d 177, 179 (2d Cir. 2020); *Caddo Nation of Okla. v. Wichita & Affiliated Tribes*, 877 F.3d 1171, 1175–76 (10th Cir. 2017); *Brown v. Cain*, 546 F. App'x 471, 477 (5th Cir. 2013); *see also Ahlman v. Barnes*, 2020 WL 3547960, at *5 (9th Cir. June 17, 2020) (*sua sponte* remanding the case in light of changed circumstances to allow the district court to "determine in the first instance whether it is appropriate to modify or dissolve the injunction"). OSA Appellants have done neither.

In *Cam I, Inc. v. Louisville/Jefferson County Metro Government*, the district court entered a preliminary injunction enjoining enforcement of a regulatory

4

scheme, and the ordinance at issue was amended while the plaintiff's appeal of the preliminary injunction was pending. 460 F.3d 717, 719 (6th Cir. 2006). The defendant moved this Court to dismiss the appeal, arguing that the appeal was moot. *Id.* This Court denied the defendant's motion and advised the defendant "to seek modification of the preliminary injunction in the district court." *Id.* More recently, this Court expressly rejected the argument that a district court lacks jurisdiction to modify a preliminary injunction while the appeal of that injunction is pending.[3] *Miller v. Davis*, 2015 WL 10692638, at *1 (6th Cir. Nov. 5, 2015) (quoting Fed. R. Civ. P. 62(c)[4]).

Federal Rule of Civil Procedure 62(d) provides, as relevant here: "While an appeal is pending from an interlocutory order . . . that grants . . . an injunction, the court may . . . modify . . . an injunction on . . . other terms that secure the opposing

---

[3] *See also United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1984) (noting that the rationale behind Rule 8(a) is that "[s]ince the district court is familiar with the case, the district court is in an excellent position to determine in the first instance whether the defendant raises a substantial question on appeal"); *Chem. Weapons Working Grp. v. Dep't of the Army*, 101 F.3d 1360, 1362 (10th Cir. 1996) ("[T]he fundamentally different roles of appellate and trial courts mandate consideration of the new evidence by the district court under Fed. R. Civ. P. 62([d]) before Rule 8 proceedings in this court. The district court is the proper forum for presentation, testing and confrontation of the new evidence.").

[4] Until 2018, the language for Rule 62(d) was housed in Federal Rule of Civil Procedure 62(c). The Rule was amended and reorganized in 2018 to its current form, but the 2018 amendment did not cause any "change in meaning." Fed. R. Civ. P. 62 advisory committee's note to 2018 amendment.

party's rights." This Court has recognized – but not resolved – a circuit split regarding the extent to which Rule 62(d) permits a district court to modify its preliminary injunction pending the appeal of that same injunction. *See Basicomputer Corp. v. Scott*, 973 F.2d 507, 513 (6th Cir. 1992) (discussing Rule 62(c), the predecessor to the current Rule 62(d)). Some circuits allow a district court to "alter the status quo by modifying an injunction during the pendency of an appeal," while others limit any modifications to those necessary to "preserve the status quo." *Id.* But under either of these views of Rule 62(d), the appropriate modification here is within the purview of the district court because it preserves the status quo.[5] *See, e.g.*, *Graveline v. Johnson*, 2018 WL 4184577, at *3 (E.D. Mich. Aug. 30, 2018) (finding that district courts in the Sixth Circuit have jurisdiction to modify preliminary injunctions pending an appeal to "(1) preserve the status quo between the parties; or (2) preserve the integrity of the proceedings before the court of appeals"). The relief that is appropriate here is a modification of the Preliminary Injunction only insofar as necessary to preserve the status quo in light of changed circumstances – namely, dissolving a portion of the Preliminary Injunction that is no

---

[5] "A grant of a preliminary injunction necessarily alters the status quo between the parties as it existed at the time a complaint is filed. The relevant status quo for purposes of Rule 62([d]) is thus the new status quo between the parties that the court's grant of the injunction creates." *George S. Hofmeister Fam. Tr. v. Trans Indus. of Ind., Inc.*, 2007 WL 128932, at *2 n.1 (E.D. Mich. Jan. 12, 2007).

longer relevant while preserving the portion of the Preliminary Injunction that remains necessary to enact the relief the district court granted.[6]  Even under the narrowest interpretations of Rule 62(d), the authority to modify the Preliminary Injunction to account for changes in circumstance lies with the district court, as is the case here.  *See A&M Recs., Inc. v. Napster, Inc.*, 284 F.3d 1091, 1098–99 (9th Cir. 2002) ("A district court has inherent authority to modify a preliminary injunction in consideration of new facts" and holding modification of preliminary injunction pending appeal was proper under Rule 62); *accord Miller v. Davis*, 2015 WL 9460311, at *1 (E.D. Ky. Sept. 23, 2015).  *Cf. Graveline*, 2018 WL 4184577, at *2–3; *George S. Hofmeister Fam. Tr.*, 2007 WL 128932, at *1–2.

**B.**     ***OSA Appellants' Motion is Meritless.***

Even if the Court were to entertain OSA Appellants' motion for judicial notice, the relief requested—a dissolution and vacatur of the preliminary injunction and costs and fees for its appeal—is not supported.  Notwithstanding OSA

---

[6] To the extent OSA Appellants would seek to have the district court *dissolve* the injunction, such relief is not appropriate because it would alter the status quo between the parties.  *See generally Basicomputer*, 973 F.2d at 513; *see also Graveline*, 2018 WL 4184577, at *3 (denying motion for stay of injunction pending appeal because such relief "would go well beyond preserving the status quo or preserving the integrity of the proceedings in the court of appeals").  The appropriate mechanism for OSA Appellants to seek dissolution of the preliminary injunction would be to seek an indicative ruling from the district court under Federal Rule of Civil Procedure 62.1 and a limited remand from this Court under Federal Rule of Appellate Procedure 12.1.

Appellants' strategic use of "inter alia" to gloss over one of two subparts of the preliminary injunction, (*see* Dkt. 39-1 at 2–3), the changed circumstances do *not* moot the entire injunction. While carafem's pause of its in-person services means that there is not currently an ongoing likelihood of irreparable harm to occur at the property at 5002 Crossings Circle, Mt. Juliet, TN 37122, described in subsection (b) of the Preliminary Injunction, this development has no bearing on subsection (a) of the Injunction because the people who have or had been obtaining and providing reproductive health services from carafem's Mt. Juliet location continue to reside in and around Mt. Juliet and are thus still at a significant risk of intimidation, and interference at the hands of Defendants. Accordingly, the Preliminary Injunction should be modified to remove subsection (b) of the injunction to take into account carafem's recent pause of in-person activities at its Mt. Juliet location. Carafem has argued as much in greater detail in the district court, which is the appropriate forum to "modify its injunctive decrees where changed circumstances require modification so as ***to effectuate the purposes underlying the initial grant of relief***." *The RightThing, LLC v. Brown*, 2009 WL 1954632, at *2 (N.D. Ohio July 6, 2009) (emphasis added) (quoting *Pro Edge L.P. v. Gue*, 411 F. Supp. 2d 1080, 1086–87 (N.D. Iowa 2006)).

**II. The Court Should Stay the Appeal.**

Notwithstanding the improper relief requested by OSA Appellants, carafem respectfully requests that the Court postpone the oral argument scheduled for July 25, 2023, pursuant to 6 Cir. R. 34(d), until after the district court rules on the currently pending Motion to Modify or Amend Preliminary Injunction Order Pending Appeal. There is good cause for this request in that the district court's ruling under Federal Rule of Civil Procedure 62 as to whether and how to modify the Preliminary Injunction in light of carafem's pause on in-person services in Tennessee may significantly impact the parties' use of time and the Court's questions during the limited time allotted at oral argument.

## <u>CONCLUSION</u>

For the reasons set forth above, carafem respectfully requests that the Court DENY OSA Appellants' motion for judicial notice and instead GRANT carafem's emergency motion stay and postpone oral argument in this matter until after the district court rules on the pending motion to modify the Preliminary Injunction.

Date: June 29, 2023

Respectfully Submitted,

s/ *Briana T. Sprick Schuster*
Sarah B. Miller
Angela L. Bergman
Allison Wiseman Acker
Briana T. Sprick Schuster
**BASS, BERRY & SIMS PLC**
150 Third Avenue South, Suite 2800
Nashville, TN 37201
(615) 742-6200
(615) 742-6293 (facsimile)
smiller@bassberry.com
abergman@bassberry.com
allison.acker@bassberry.com
briana.sprick.schuster@bassberry.com

## CERTIFICATE OF COMPLIANCE

The undersigned certifies this brief complies with the type-volume limitations

of Federal Rules of Appellate Procedure 27(d)(1) and 27(d)(2).

1. EXCLUSIVE OF THE EXEMPTED DOCUMENTS AUTHORIZED BY RULE 27(a)(2)(B), THE BRIEF CONTAINS:

A. 2,304 words.

2. THE BRIEF HAS BEEN PREPARED:

B. in proportionally spaced typeface using:

Times New Roman, 14 font

*s/ Briana T. Sprick Schuster*
Briana T. Sprick Schuster

11

## CERTIFICATE OF SERVICE

I hereby certify that on the June 29, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*s/ Briana T. Sprick Schuster*
Briana T. Sprick Schuster